UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**MELISSA PEARL DAVIS,**
                Movant,

        v.                                  Case No. 16-cv-23524-GAYLES/WHITE

**UNITED STATES OF AMERICA,**
                Respondent.
_____/

**UNITED STATES OF AMERICA,**

        v.                                  Case No. 15-cr-20131-GAYLES-2

**MELISSA PEARL DAVIS,**
                Defendant.
_____/

### ORDER AFFIRMING AND ADOPTING IN PART REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge (the "Report") [ECF No. 10], entered on November 8, 2016.

Movant Melissa Pearl Davis filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on August 16, 2016 [ECF No. 1]. The matter was referred to Judge White, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pretrial, nondispositive matters, and for a Report and Recommendation on any dispositive matters [ECF No. 3]. The Report recommends that the Court deny the Movant's Motion on the merits and that no certificate of appealability issue. To date, the Movant has not filed objections to the Report.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If no objections are filed, the district court need only review the report

and recommendation for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam); *see also* Fed. R. Civ. P. 72 advisory committee's note. The Court has undertaken this review.

On page 22 of the Report, in the section discussing the certificate of appealability, the following text appears: "Because the § 2255 motion is clearly time-barred, Movant cannot satisfy the *Slack* test. *Slack* [*v. McDaniel*, 529 U.S. 473, 484 (2000)]." Report at 22. That said, the Report's thorough recounting of the procedural history both of this action and of the Movant's underlying criminal case, which culminates in the finding that "[t]he movant returned to this court timely filing her initial § 2255 motion on **August 16, 2016**," *id.* at 2-8, leads this Court to the conclusion that the sentence on page 22 stating that the motion was *untimely* for purposes of the *Slack* test was an inadvertent inclusion in the Report that should be stricken. This, however, does not change the Court's ultimate conclusion that it finds no clear error in the well-reasoned analysis and recommendations stated in the Report on the merits of the Motion or (excepting that single sentence) on the issuance of a certificate of appealability.

It is, therefore, **ORDERED AND ADJUDGED** as follows:

(1) the Report of Magistrate Judge [ECF No. 8] is **AFFIRMED AND ADOPTED IN PART**, with the exception of the text appearing on page 22 that states "Because the § 2255 motion is clearly time-barred, Movant cannot satisfy the *Slack* test. *Slack*, 529 U.S. at 484," which is **STRICKEN**. The remainder of the Report is incorporated into this Order by reference;

(2) the Motion to Vacate [ECF No. 1] is **DISMISSED WITH PREJUDICE**; and

(3) no certificate of appealability shall issue.

This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of November, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE